IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONICA WINKELMAN, | |
| Plaintiff, | Case No. 1:20-CV-2480 |
| | **Trial by jury demanded.** |
| CONTINENTAL NURSING AND REHABILITATION CENTER, LLC, and INFINITY HEALTHCARE MANAGEMENT OF ILLINOIS, LLC, | Judge Manish S. Shah |
| | Magistrate Judge Sheila M. Finnegan |
| Defendants. | |

**PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, MONICA WINKELMAN, by and through her attorneys, Case + Sedey, LLC, and pursuant to Federal Rule of Civil Procedure 15, moves for leave of this Court to amend her Complaint for the reasons set forth herein:

1. On April 23, 2020, Plaintiff Monica Winkelman ("Plaintiff") filed a six-count Complaint against Continental Nursing and Rehabilitation Center, LLC ("Defendant Continental") and Infinity Healthcare Management of Illinois, LLC ("Defendant Infinity") (collectively, "Defendants"), alleging failure to accommodate, discrimination, and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., as amended ("ADA"), and the Illinois Human Rights Act, 775 ILCS § 5/1-101 et seq. ("IHRA"). See Dkt. # 1.

2. On June 17, 2020, Defendants moved to dismiss Plaintiff's Complaint in its entirety on various bases. See Dkt. # 13.

1

3. On September 28, 2020, this Court denied Defendants' motion to dismiss Plaintiff's ADA claims. With regard to Plaintiff's IRHA claims, the Court explained that dismissal was warranted because Plaintiff had yet to receive her right to sue letters from the Illinois Department of Human Rights. See Dkt. # 25, p. 10. However, the Court noted that the dismissal for failure to exhaust administrative prerequisites was without prejudice and that Plaintiff was not barred from reinstating her IHRA claims.

4. Plaintiff has now exhausted her administrative prerequisites and received her notices of right to sue from the IDHR. Specifically:

   a. On July 23, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination, failure to accommodate and retaliation against Defendant Infinity (Charge No. 440-2019-06345).

   b. On October 3, 2019, Plaintiff filed a Charge of Discrimination with the EEOC alleging disability discrimination, failure to accommodate and retaliation against Defendant Continental (Charge No. 440-2020-00021).

   c. Plaintiff received her Notices of Right to Sue from the EEOC for both charges on February 5, 2020.

   d. Plaintiff contacted the Illinois Department of Human Rights ("IDHR") and notified the agency that she had received those Notices of Right to Sue on March 6, 2020 and asked that the state agency similarly issue her notices of right to sue on Plaintiff's cross-filed IDHR charges. See attached Exhibit 1.

   e. Plaintiff indicated in her March 6, 2020 email to the IDHR that she had attached copies of both Notices of Right to Sue to her email, but inadvertently attached an incorrect

2

file. See Exhibit 1. Specifically, Plaintiff attached a copy of the Notice of Right to Sue related to her charge against Defendant Continental charge, but accidentally did not attach the Notice of Right to Sue related to her charge against Defendant Infinity. Instead, Plaintiff inadvertently attached a copy of a letter to the EEOC requesting her EEOC file. This was a mere administrative error.

f. On September 28, 2020, Plaintiff contacted the IDHR to follow up on her request that the IDHR charges be processed and the IDHR responded by notifying Plaintiff of her failure to properly attach the Notice of Right to Sue related to her charge against Defendant Infinity. See attached Exhibit 2.

g. Plaintiff corrected that error by sending the Notice of Right to Sue related to Plaintiff's charge against Defendant Infinity to the IDHR that same day. See attached Exhibit 3.

h. On December 1, 2020, Plaintiff received letters from the IDHR acknowledging receipt of the EEOC's determination for both charges as well as Notices of Plaintiff's right to opt out of the investigations by submitting Opt Out Request Forms within 60 days. See attached Exhibits 4 and 5.

i. Plaintiff submitted her Opt Out Request Forms to the IDHR in relation to both charges that same day, December 1, 2020. See attached Exhibits 6 and 7.

j. On December 4, 2020, Plaintiff received a Notice of Dismissal from the IDHR in relation to her charge against Defendant Infinity. See attached Exhibit 8. That Notice dismissed Plaintiff's IDHR Charge against Defendant Infinity for lack of jurisdiction, explaining that the IDHR had received Plaintiff's Notice of Right to Sue from the EEOC on September 28, 2020, which was more than 30 days after it had been served on Plaintiff. This decision was based on Plaintiff's clerical error in attaching the wrong

3

      file to her March 6, 2020 email despite that Plaintiff had explicitly informed the IDHR in that email that she had received the Notice of Right to Sue with regard to her charges against both Continental and Infinity. See Exhibit 1. Regardless, the Notice of Dismissal stated that Plaintiff could commence a civil action based on her charge against Defendant Infinity within 90 days. See Exhibit 8.

    k. On December 23, 2020, Plaintiff received her Notice of Opt Out and Right to Commence Action from the IDHR in relation to her charge against Defendant Continental. See attached Exhibit 9. That Notice stated that Plaintiff could commence a civil action based on her IDHR charge against Defendant Continental within 90 days.

    5. Having now exhausted her administrative prerequisites and received notices of her right to commence a civil action as set forth above, Plaintiff now wishes to amend her Complaint to reinstate her IHRA claims.

    6. Plaintiff emailed counsel for Defendants on December 29, 2020, set out the steps she took to exhaust administrative prerequisites (including explaining her error in attaching the wrong file to her March 6, 2020 email), indicated her wish to amend the Complaint to reinstate her IHRA claims, and asked Defendants if they would agree not to move for dismissal of Plaintiff's IHRA claims against Defendant Infinity based on the Notice of Dismissal for lack of jurisdiction. See Exhibit 10.

    7. Defendants responded on December 31, 2020 that they would not stipulate to Plaintiff's proposed amendment to the Complaint. See Exhibit 11.

    8. Thus, Plaintiff now seeks this Court's permission to file her First Amended Complaint to reinstate her claims under the IHRA. Plaintiff has attached her proposed First Amended Complaint as Exhibit 12.

9. The IDHR's dismissal for lack of jurisdiction does not control this court's determination of its own jurisdiction over Plaintiff's IHRA claims. *See Goldberg v. Chicago Sch. for Piano Tech., NFP*, No. 14 C 1440, 2015 WL 468792, at *4 (N.D. Ill. Feb. 3, 2015) (explaining that "if the Department's dismissal prohibited other courts from exercising jurisdiction over claims under the IHRA, the Department would not, in its notice of dismissal, inform complainants of their right to bring an action in circuit court.").

10. Instead, this Court may review the question of jurisdiction and determine for itself whether Plaintiff has exhausted her administrative remedies. In this case, the facts set forth above clearly show that she has.

11. When dealing with a charge which was first filed with the EEOC, a Complainant must notify the IDHR of the EEOC's determination within 30 days in order to receive a final order from the IDHR. 775 ILCS 5/7A-102(A-1)(1).

12. Plaintiff satisfied that requirement when she notified the IDHR of her receipt of the EEOC's Notices of Right to Sue via email on March 6, 2020 and attempted to attach copies thereof.

13. The IDHR's Notice of Dismissal for Lack of Jurisdiction was based only on Plaintiff's clerical error in attaching the wrong file, an error which Plaintiff corrected as soon as she was notified.

14. Given that the Federal Rules of Civil Procedure allow for relief from a final judgment, order, or proceeding based on mistake and/or inadvertence (see F.R.C.P. 60(b)(1)), it follows that the Rules would not bar Plaintiff from proceeding with her IHRA claims based on her mistaken and inadvertent attachment of the wrong file to her email to the IDHR notifying the agency of the EEOC's determination.

15. Further, Plaintiff requested to opt out of the investigation of her IDHR charge against Defendant Infinity (see Ex. 5) – a request which was within her rights under the IDHR procedures. Thus, even if Plaintiff had attached the correct file to her March 6, 2020 email, no further administrative proceedings would have occurred.

16. Instead, had Plaintiff attached the correct file to her March 6, 2020 email, the IDHR would have processed her Opt Out Request Form relating to the charge against Defendant Infinity and issued her a Notice of Opt Out just as it did in relation to Plaintiff's charge against Defendant Continental.

17. Thus, Plaintiff has exhausted her administrative prerequisites and her proposed amendment will not cause delay or alter the substantive merits of the claims in any way.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant her leave to file her First Amended Complaint.

Respectfully Submitted,

MONICA WINKELMAN

By: /s/ *Kate Sedey*
     One of Her Attorneys

Kate Sedey
Kristin M. Case
Case + Sedey, LLC
250 South Wacker Dr., Suite 230
Chicago, Illinois 60606
312-920-0400
312-920-0800 (fax)
ksedey@caseandsedey.com