IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONICA WINKELMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>CONTINENTAL NURSING AND REHABILITATION CENTER, LLC, and INFINITY HEALTHCARE MANAGEMENT OF ILLINOIS, LLC,<br><br>  Defendants. | Case No. 1:20-CV-2480<br><br>**Trial by jury demanded.**<br><br>Judge Manish S. Shah<br><br>Magistrate Judge Sheila M. Finnegan |

### FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, MONICA WINKELMAN, through her attorneys, Case + Sedey, LLC, and for her First Amended Complaint at Law against Defendants CONTINENTAL NURSING AND REHABILITATION CENTER, LLC and INFINITY HEALTHCARE MANAGEMENT OF ILLINOIS, LLC states as follows:

### Introduction

1.  This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 et seq., as amended ("ADA"), and the Illinois Human Rights Act, 775 ILCS § 5/1-101 et seq. ("IHRA").

### Jurisdiction and Venue

2.  Jurisdiction is conferred on this Court by the above-named statutes, as well as by 28 U.S.C. § 1331 and § 1367. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c).

## The Parties

3. Plaintiff Monica Winkelman ("Plaintiff"), is a citizen of the United States and a resident of Chicago, Cook County, Illinois. Plaintiff was at all relevant times jointly employed by Defendants Continental Nursing and Rehabilitation Center, LLC and Infinity Healthcare Management of Illinois, LLC and was an "employee" as defined by the aforementioned statutes.

4. Defendant Continental Nursing and Rehabilitation Center, LLC ("Defendant Continental") is a limited liability company registered and doing business in Chicago, Cook County, Illinois. At all relevant times, Defendant had more than fifteen employees and was an "employer" as defined by the aforementioned statutes.

5. Defendant Infinity Healthcare Management of Illinois, LLC ("Defendant Infinity") is a limited liability company registered and doing business in Hillside, Cook County, Illinois. At all relevant times, Defendant had more than fifteen employees and was an "employer" as defined by the aforementioned statutes.

6. Defendants Continental and Infinity are owned and operated by the same individuals. Defendant Continental outsources its operations and management functions to Defendant Infinity. At all relevant times, Defendants Continental and Infinity operated as a joint employer and integrated enterprise.

## Factual Allegations

7. Defendant Infinity hired Plaintiff in or around October of 2018 to serve as the Administrator of the Southpoint Nursing and Rehabilitation Center, another facility owned by the same individuals who own Defendants. In or around December of 2018, Defendant Infinity transferred Plaintiff to serve as the Administrator of Defendant Continental.

8.  As Administrator, Plaintiff was the highest-level employee at Defendant Continental. Defendant Continental issued Plaintiff's paychecks, but Defendant Infinity supervised her work, assessed her performance, and made all decisions regarding her title, responsibilities, compensation, and employment status. Plaintiff reported directly to Defendant Infinity's Regional Director of Operations, Ambreen Qureshi, and no one at Defendant Continental managed Plaintiff or assessed her performance.

9.  Plaintiff was successful in her role as Defendant Continental's Administrator. She consistently met expectations and Defendant Infinity issued her a positive performance review and a merit-based pay increase in January of 2019. Further, within just months of joining Defendant Continental, Plaintiff had successfully increased the facility's patient census from approximately 100 to reach the facility goal of 150.

10. On or around April 22, 2019, Plaintiff was diagnosed with end stage renal disease. This condition substantially limited her in the major bodily function of normal kidney function and normal blood filtration.

11. On or around April 28, 2019, Plaintiff informed Ms. Qureshi and Defendants' Human Resources Consultant Patty Skowronski of her medical condition. Plaintiff explained that as a result of her disability, she would need to take one week off of work for surgery and post-surgical recovery, and then two additional weeks off at some point thereafter to be trained in administering her own dialysis at home.

12. On May 16, 2019, Plaintiff sent Ms. Skowronski a formal request for these two periods of leave as accommodation requests under the ADA. The following day, Defendants approved Plaintiff's request and granted her the disability-related leaves as an accommodation.

13. Just days later, Defendant Infinity's senior leadership descended on Defendant Continental's facility and began to micro-manage Plaintiff and her staff and to impose impossible demands.

14. Defendant Infinity's Chief Executive Officer (Michael Blisko) its Chief Operations Officer (Carrie DiPaolo), and/or Ms. Qureshi were physically at Continental every day from May 17th to May 31st and from June 3rd to June 7th. These three individuals typically worked out of Defendant Infinity's offices in Hillside, Illinois and the CEO and COO rarely visited Continental prior to Plaintiff's disclosure of her disability and her request for leave as an accommodation. Ms. Qureshi visited the Continental facility weekly prior to Plaintiff's disclosure of her disability and request for accommodation, but never daily for an extended period of time. Further, Defendants had never before micro-managed Plaintiff or her staff.

15. Defendants' micro-management and unreasonable performance demands were so egregious that in less than one month, Defendant Continental's Business/Human Resources Manager and the Housekeeping Manager had both quit and two others of Plaintiff's direct reports informed her that they would be quitting as soon as they found new positions elsewhere.

16. Plaintiff went out for her first period of leave to undergo surgery related to her disability from May 22, 2019 through May 28, 2019.

17. On June 13, 2019, Plaintiff sent Ms. Qureshi and Ms. Skowronski a letter from her doctors following up on the second half of her previously approved accommodation request. The letter stated that Plaintiff would need to be out on leave for two weeks to receive dialysis training from June 15, 2019 through July 2, 2019.

18. The very next day, Ms. Qureshi as well as Defendant Infinity's Regional Director of Operations (Colleen Swanson) terminated Plaintiff's employment. Ms. Qureshi stated that

Plaintiff's termination was not performance related. Further, both she and Ms. Swanson offered to write Plaintiff "excellent letters of recommendation" and assured her that she would have no difficulty finding another job given her "great experience, knowledge, and skills." Neither offered Plaintiff any explanation or justification for the decision to terminate her.

### Administrative Prerequisites

19. On July 23, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination, failure to accommodate and retaliation against Defendant Infinity (Charge No. 440-2019-06345).

20. On October 3, 2019, Plaintiff filed a Charge of Discrimination with the EEOC alleging disability discrimination, failure to accommodate and retaliation against Defendant Continental (Charge No. 440-2020-00021).

21. Plaintiff received her Notices of Right to Sue from the EEOC for both charges on February 5, 2020.

22. On December 4, 2020, Plaintiff received a Notice of Dismissal from the IDHR in relation to her charge against Defendant Infinity. That Notice provided that Plaintiff could commence a civil action based on her charge against Defendant Infinity within 90 days.

23. On December 23, 2020, Plaintiff received her Notice of Opt Out and Right to Commence Action from the IDHR in relation to her charge against Defendant Continental. That Notice provided that Plaintiff could commence a civil action based on her charge against Defendant Continental within 90 days.

### COUNT I
### FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

24. Plaintiff incorporates by reference the preceding paragraphs 1-22 as though fully set forth in this Count I.

25. Plaintiff was a qualified individual with a disability.

26. Plaintiff told Defendants about her disability and requested reasonable accommodations in the form of two short periods of leave.

27. The accommodations requested were reasonable and would not have posed an undue burden on Defendants.

28. Defendants stated that they approved Plaintiff's accommodation requests, but then failed to accommodate her when they terminated her employment one day before she was scheduled to begin her second period of disability-related leave.

29. As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and other employment benefits, reputational harm, great expense, emotional distress, humiliation, embarrassment, and future lost income and benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter a finding that Defendants failed to accommodate her in violation of the ADA;

B. Enter a finding that Defendants' failure to accommodate her was done with malice and reckless indifference for Plaintiff's rights under the ADA;

C. Award her lost wages, lost benefits, and front pay;

D. Award her compensatory and punitive damages;

E. Award her prejudgment interest;

F. Award her reasonable attorneys' fees and costs; and

G. Award her any further relief that the Court may deem just and appropriate.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

30. Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth in this Count II.

31. Plaintiff was a qualified individual with a disability.

32. Defendants discriminated against Plaintiff based on her disability by subjecting her to increased scrutiny and micro-management just days after she disclosed her disability and terminating her employment without any legitimate non-discriminatory justification less than two months later.

33. As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and other employment benefits, reputational harm, great expense, emotional distress, humiliation, embarrassment, and future lost income and benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter a finding that Defendants discriminated against her based on her disability in violation of the ADA;

B. Enter a finding that Defendants discriminated against her with malice and reckless indifference for Plaintiff's rights under the ADA;

C. Award her lost wages, lost benefits, and front pay;

D. Award her compensatory and punitive damages;

E. Award her prejudgment interest;

F. Award her reasonable attorneys' fees and costs; and

G. Award her any further relief that the Court may deem just and appropriate.

## COUNT III
## RETALIATION IN VIOLATION OF THE ADA

34. Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth in this Count III.

35. Plaintiff engaged in a protected activity when she requested reasonable accommodations in the form of two short periods of disability-related leave.

36. Defendants retaliated against Plaintiff when they terminated her just one day after she reminded Defendants of her need for medical leave as an accommodation and one day before she was scheduled to begin that disability-related leave.

37. As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and other employment benefits, reputational harm, great expense, emotional distress, humiliation, embarrassment, and future lost income and benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter a finding that Defendants retaliated against Plaintiff in violation of the ADA;

B. Enter a finding that Defendants retaliated against her with malice and reckless indifference for Plaintiff's rights under the ADA;

C. Award her lost wages, lost benefits, and front pay;

D. Award her prejudgment interest;

E. Award her reasonable attorneys' fees and costs; and

F. Award her any further relief that the Court may deem just and appropriate.

**COUNT IV**
**FAILURE TO ACCOMMODATE IN VIOLATION OF THE IHRA**

38. Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth in this Count IV.

39. Plaintiff suffered from a physical disability.

40. Plaintiff told Defendants about her physical disability and requested reasonable accommodations in the form of two short periods of leave.

41. The accommodations requested were reasonable and would not have posed an undue burden on Defendants.

42. Defendants stated that they approved Plaintiff's accommodation requests, but then failed to accommodate her when they terminated her employment one day before she was scheduled to begin her second period of disability-related leave.

43. Defendants failure to accommodate Plaintiff's physical disability amounts to harassment in violation of the IHRA.

44. As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and other employment benefits, reputational harm, great expense, emotional distress, humiliation, embarrassment, and future lost income and benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter a finding that Defendants failed to accommodate her in violation of the IHRA;

B. Enter a finding that Defendants' failure to accommodate her was done with malice and reckless indifference for Plaintiff's rights under the IHRA;

C. Award her lost wages, lost benefits, and front pay;

D. Award her compensatory and punitive damages;

E. Award her prejudgment interest;

F. Award her reasonable attorneys' fees and costs; and

G. Award her any further relief that the Court may deem just and appropriate.

## COUNT V
## DISABILITY DISCRIMINATION IN VIOLATION OF THE IHRA

45. Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth in this Count V.

46. Plaintiff suffered from a physical disability.

47. Defendants discriminated against Plaintiff based on her disability by subjecting her to increased scrutiny and micro-management just days after she disclosed her disability and

terminating her employment without any legitimate non-discriminatory justification less than two months later.

48. As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and other employment benefits, reputational harm, great expense, emotional distress, humiliation, embarrassment, and future lost income and benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter a finding that Defendants discriminated against her based on her disability in violation of the IHRA;

B. Enter a finding that Defendants discriminated against her with malice and reckless indifference for Plaintiff's rights under the IHRA;

C. Award her lost wages, lost benefits, and front pay;

D. Award her compensatory and punitive damages;

E. Award her prejudgment interest;

F. Award her reasonable attorneys' fees and costs; and

G. Award her any further relief that the Court may deem just and appropriate.

## COUNT VI
## RETALIATION IN VIOLATION OF THE IHRA

49. Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth in this Count VI.

50. Plaintiff engaged in a protected activity when she requested reasonable accommodations for her physical disability in the form of two short periods of disability-related leave.

51. Defendants retaliated against Plaintiff when they terminated her just one day after she reminded Defendants of her need for medical leave as an accommodation and one day before she was scheduled to begin that disability-related leave.

52. As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income and other employment benefits, reputational harm, great expense, emotional distress, humiliation, embarrassment, and future lost income and benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter a finding that Defendants retaliated against Plaintiff in violation of the IHRA;

B. Enter a finding that Defendants retaliated against her with malice and reckless indifference for Plaintiff's rights under the IHRA;

C. Award her lost wages, lost benefits, and front pay;

D. Award her prejudgment interest;

E. Award her reasonable attorneys' fees and costs; and

F. Award her any further relief that the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

Respectfully Submitted,

MONICA WINKELMAN

By: /s/ Kate Sedey
One of Plaintiff's Attorneys

Kate Sedey
Kristin M. Case
Case + Sedey, LLC
250 South Wacker Dr., Ste. 230
Chicago, Illinois 60606
Tel. (312) 920-0400

Fax (312) 920-0800
ksedey@caseandsedey.com